Jiaxing (Kyle) Xu (SBN 344100)
Isabella Bosetti (SBN 368767)

**HOGAN LOVELLS US LLP**
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: (415) 374-2300
kyle.xu@hoganlovells.com
isabella.bosetti@hoganlovells.com

Attorneys for Applicants Xiaomi Inc.,
Xiaomi Communications Co., Ltd,
Xiaomi Technology Netherlands B.V.
and Xiaomi Technology Germany
GmbH

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF XIAOMI INC., XIAOMI COMMUNICATIONS CO., LTD, XIAOMI TECHNOLOGY NETHERLANDS B.V. AND XIAOMI TECHNOLOGY GERMANY GMBH FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. ___26MC565___<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER TO TAKE DISCOVERY IN AID OF FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782** |

# **TABLE OF CONTENTS**

**Page**

BACKGROUND .................................................................................................2

DISCUSSION ...................................................................................................6

    A.    Legal Standard ................................................................................6

    B.    The Threshold Requirements in Section 1782 Are Met .......................7

        1.    Qualcomm Is Found Within the District ...................................8

        2.    The Discovery Is for Use in a Proceeding Before a Foreign or International Tribunal ......................................................................8

        3.    Xiaomi Is an "Interested Person" Under Section 1782 ...............9

    C.    The Application Should Be Granted in the Exercise of the Court's Discretion .................................................................................10

        1.    The Requested Discovery Is Unavailable in the Foreign Proceedings ......................................................................................10

        2.    The Foreign Courts Are Receptive to U.S. Judicial Assistance 11

        3.    This Application Is not an Attempt to Circumvent Proof-Gathering Restrictions ..............................................................13

        4.    The Requested Discovery Is not Unduly Intrusive or Burdensome ..................................................................................15

CONCLUSION...................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Application of Heraeus Kulzer GmbH,*
No. 3:09-CV-530, 2017 WL 214322,  (N.D. Ind. Jan. 18, 2017) ......................13

*In re: Application of Joint Stock Co. Raiffeinsenbank,*
No. 16-MC-80203-MEJ, 2016 WL 6474224 (N.D. Cal. Nov. 2,
2016) ........................................................................................................................11

*In re Asta Medica, S.A.,*
981 F.2d 1 (1st Cir. 1992) ........................................................................................2

*Daedalus Prime LLC v. Mediatek USA Inc.,*
No. 24-mc-80208-VKD, 2024 WL 4220000 (N.D. Cal. Sep. 16,
2024) ...................................................................................................................12, 14

*In re Daimler AG,*
No. 3:21-MC-00948, 2021 WL 3852729 (S.D. Cal. Aug. 27, 2021) .............8, 12

*Ecuadorian Plaintiffs v. Chevron Corp.,*
619 F.3d 373 (5th Cir. 2010) ..................................................................................11

*Euromepa S.A. v. R. Esmerian, Inc.,*
51 F.3d 1095 (2d Cir. 1995) ...................................................................................11

*In re Hand Held Prods., Inc.,*
No. 24-mc-91378-NMG, 2024 WL 5136071 (D. Mass. Oct. 24,
2024) ........................................................................................................................12

*Heraeus Kulzer, GMBH v. Biomet, Inc.,*
633 F.3d 591 (7th Cir. 2011) ..................................................................................13

*In re HMD Glob. Oy,*
No. 24-MC-02144-JLB, 2025 WL 1453836 (S.D. Cal. May 21,
2025) ...............................................................................................................8, 12, 14

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.,*
No. 19-MC-80215-WHO(TSH), 2020 WL 820327 (N.D. Cal. Feb.
19, 2020) ..................................................................................................................12

ii

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ..............................................................................*passim*

*Lo Ka Chun v. Lo To*,
  858 F.2d 1564 (11th Cir. 1988) ......................................................................... 2

*In re Metallgesellschaft AG*,
  121 F.3d 77 (2d Cir. 1997) ............................................................................... 14

*In re Mireskandari*,
  No. 12-cv-2865-IEG (DHB), 2012 WL 12877390 (S.D. Cal. Dec.
  20, 2012) ............................................................................................................ 7

*In re NanoPyxis Co., Ltd.*,
  No. 4:17-mc-80151-KAW, 2018 WL 1156838 (N.D. Cal. Mar. 5,
  2018) ................................................................................................................. 15

*In re Netgear Inc.*,
  ECF No. 17 No. 23MC794-BLM (S.D. Cal. Aug. 31, 2023) ......................11, 12

*In re Netgear Inc.*,
  No. 23MC794-BLM, 2024 WL 390059 (S.D. Cal. Jan. 31, 2024)................. 9, 12

*In re Nokia Techs. Oy*,
  No. 21MC1487 (MSB), 2022 WL 788702 (S.D. Cal. Mar. 15,
  2022) ................................................................................................................. 11

*In re Volkswagen AG*,
  No. 24-MC-0832 (JS), 2024 WL 1556912 (E.D.N.Y. Apr. 10,
  2024) .............................................................................................9, 11, 12, 13

*In re Xiaomi Inc.*,
  No. 25MC1158-MSB, 2025 WL 2231251 (S.D. Cal. Aug 5, 2025) ...........*passim*

*ZF Auto. US, Inc. v. Luxshare, Ltd.*,
  596 U.S. 619 (2022) ........................................................................................... 8

**Statutes**

28 U.S.C. § 1782............................................................................................*passim*

iii

**Other Authorities**

Burgerliches Gesetzbuch [BGB] [Civil Code], §§ 809, 810 (Ger.) ........................5, 6

Hans Smit, *Int'l Litig. Under the U.S. Code*, 65 Columbia L. Rev. 1015
    (1965).................................................................................................................... 10

Patentgesetz [PatG] [German Patent Act], § 140c (Ger.)........................................5, 6

S. Rep. No. 1580, 88th Cong., 2d Sess., *reprinted in* (1964) U.S. Code
    Cong. & Admin News 3782 ..................................................................................... 2

UPC Rules of Procedure, Rule 190, para. 1 (Ger)....................................................... 4

Zivilprozessordnung [ZPO] [Code of Civil Procedure], § 142, para. 1
    (Ger.)......................................................................................................................... 5

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Applicants Xiaomi Inc., Xiaomi Communications Co., Ltd., Xiaomi Technology Germany GmbH and Xiaomi Technology Netherlands B.V. (collectively, "**Xiaomi**"), by and through their counsel, respectfully seek an Order pursuant to 28 U.S.C. § 1782(a) to obtain discovery from Qualcomm, Inc. ("**Qualcomm**") for use in foreign patent infringement cases (the "**Foreign Proceedings**") pending before the Unified Patent Court ("**UPC**") and courts in the Federal Republic of Germany ("**German Courts**") initiated by Advanced Standard Communication LLC ("**ASC**") against Xiaomi, involving patents to which Qualcomm may be licensed or under which it may have received rights, privileges or any kind of benefits.

Through this *ex parte* application, Xiaomi seeks the production of a relevant and narrow set of documents for use in the Foreign Proceedings—specifically, the same documents that were previously obtained from Qualcomm pursuant to this Court's order granting Xiaomi's previous application (*see In re Xiaomi Inc.*, No. 25MC1158-MSB, 2025 WL 2231251, at *1 (S.D. Cal. Aug 5, 2025)) ("**Xiaomi's Previous § 1782 Application**").

At the time Xiaomi filed its Previous § 1782 Application on June 13, 2025 (No. 25MC1158), and this Court granted the application on August 5, 2025, ASC had only initiated one patent infringement proceeding against Xiaomi before the UPC Local Division Munich ("**First UPC Proceeding**"). Shortly after that, ASC has filed three additional foreign patent infringement proceedings against Xiaomi: one additional proceeding before the UPC Local Division Munich and two patent infringement proceedings before the District Court Munich I, Germany (see below). Xiaomi understands that the Court's order granting Xiaomi's Previous § 1782 Application was for evidence to be used in the First UPC Proceeding. Accordingly, the Protective Order covering the disclosure obtained based on Xiaomi's Previous § 1782 Application, limits the use of the disclosed materials to the First UPC

1

Proceeding and does not allow Xiaomi to use the disclosed materials in the additional infringement proceedings ASC has initiated meanwhile.  Thus, Xiaomi respectfully files this Application to ask the Court to permit the use of the documents previously obtained from Qualcomm in these additional proceedings, as well as in any other patent infringement proceedings relating to the same subject matter, that ASC may initiate before the UPC or German Courts against Xiaomi.

For the reasons stated below, similar to *In re Xiaomi Inc.* granted by this Court last year, this Application satisfies the statutory requirements under Section 1782, and each of the *Intel* factors favor granting the Application.

## BACKGROUND

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Starting "[i]n 1948, Congress substantially broadened the scope of assistance federal courts could provide for foreign proceedings," pursuant to 28 U.S.C. § 1782. *Id.* at 247-48.  The current version of Section 1782 was enacted to expand this assistance offered by U.S. courts and "eliminate[] the undesirable limitations of [previous procedures]." *See* S. Rep. No. 1580, 88th Cong., 2d Sess., *reprinted in* (1964) U.S. Code Cong. & Admin. News 3782 at 3788 (hereinafter "Senate Report").  "Section 1782 was amended to provide efficient discovery procedures to foreign and international litigants seeking information here and to stimulate foreign countries to follow the lead of the United States and liberalize their own procedure." *In re Asta Medica, S.A.*, 981 F.2d 1, 7 (1st Cir. 1992), *abrogated on other grounds by Intel*, 542 U.S. 241.  "The history of Section 1782 reveals Congress' wish to strengthen the power of district courts to respond to requests for international assistance." *Lo Ka Chun v. Lo To*, 858 F.2d 1564, 1565 (11th Cir. 1988).

Non-practicing entity ASC has, yet again, sued Xiaomi for allegedly infringing European Patent Nos. EP 3 016 464, EP 2 900 027 and EP 3 373 673 (the "**Asserted**

**Patents**") in (to date) four separate proceedings.  ASC has brought two proceedings in the UPC Local Division Munich (UPC_CFI_617/2024 and UPC-CFI-0001321/2025, both concerning alleged infringement of the same patent (EP 3 016 464) but based on different infringement allegations) (the "**UPC Proceedings**"). ASC has also brought two proceedings before the Munich District Court (No. 7 O 11142/25 (EP 2 900 027) and 21 O 12359/25 (EP 3 373 673)) (the "**German Proceedings**"). *See* Xu Decl. ¶4[1], Exs. 3-5.  ASC alleged that it obtained the Asserted Patents from ZTE Corporation ("**ZTE**") on December 31, 2022.  Bäcker Decl. ¶ 12[2], Ex. 9.  The documents and information sought here are limited.  Xiaomi seeks only the agreements between ZTE and Qualcomm or their affiliates, regarding the Asserted Patents (or any counterparts) and/or regarding patents related to 2G, 3G, 4G, and 5G standards, and information to confirm the authenticity of those documents – i.e., the documents Qualcomm has already produced to Xiaomi on November 6, 2025 due to this Court's order granting Xiaomi's Previous § 1782 Application (*In re Xiaomi Inc.*, 2025 WL 2231251, at *1).

Qualcomm—a Delaware corporation present in this judicial district (with an address of 5775 Morehouse Dr., San Diego CA 92121, *see* Xu Decl. ¶¶ 5-7, Exs. 6-8)— has already demonstrated through its production of the relevant documents in response of Xiaomi's Previous § 1782 Application, that the relevant documents are in its direct possession and/or within its control.

Although Xiaomi obtained the requested documents through this Court's order granting its Previous Application, the existing Protective Order does not permit Xiaomi to use the documents in the additional UPC and German Proceedings initiated by ASC.  Under the terms of that Protective Order, Xiaomi may not disclose

[1] References to the "Xu Decl." are to the Declaration of  Jiaxing (Kyle) Xu dated March 13, 2026 which is being filed contemporaneously with this memorandum of law.
[2] References to the "Bäcker Decl." are to the Declaration of Oliver Bäcker dated March 11, 2026 which is being filed contemporaneously with this memorandum of law.

the documents—or even their existence—in those further proceedings. Consequently, for purposes of the additional UPC and German actions, Xiaomi is therefore required to rely on the general evidentiary provisions of UPC and German procedural law to seek comparable evidence, resulting in a situation that effectively mirrors the circumstances that existed before Xiaomi filed its initial § 1782 application with this Court.

Under the UPC Rules of Procedure, there is generally no right to pre-trial discovery comparable to the discovery available in the United States. Bäcker Decl. ¶¶ 27, 32-38. Instead, there are only limited procedures that allow the plaintiff to apply to obtain evidence from another litigant or a third party subject to the UPC's jurisdiction. *Id.* For example, the UPC can order a litigant or a third party subject to its jurisdiction to provide certain documents in its possession under Rule 190, para. 1 of the UPC Rules of Procedure. *Id.* ¶¶ 32-33. However, these procedures are not sufficient to allow Xiaomi to obtain useful discovery about the aforementioned agreements between Qualcomm and ZTE. *Id.* ¶¶ 32-38.

According to case law of the UPC Court of Appeal, Rule 190, para. 1 of the UPC Rules of Procedure sets high requirements, inter alia concerning the precise identification of the concerned evidence and the proportionality of the respective request. *See id.* ¶¶ 32-33. Given the existing Protective Order, it is objectively impossible for Xiaomi to meet said requirements. Due to the Protective Order, Xiaomi is unable to use information that would allow it to specifically identify the requested documents. *Id.* ¶¶ 26, 34. Further, regarding the proportionality criterion, neither ZTE nor Qualcomm is a party to the UPC proceedings. *Id.* ¶ 35. Further, in any event, the UPC would not have the authority to enforce any respective order against ZTE in China or against Qualcomm in the US and thus would not be entitled to retrieve evidence outside the UPC member states if not voluntarily provided. *Id.* ¶ 36. Therefore, information located in the United States in the possession or custody of Qualcomm, or otherwise in the control of Qualcomm and located outside of

Germany, would generally not be available to Xiaomi through German discovery laws. *Id.* ¶¶ 36-38.

Under German civil procedure law, there is generally no right to pre-trial discovery comparable to the discovery available in the United States. *Id.* ¶¶ 27-31, 37-38. Instead, there are only a limited number of procedural provisions which allow a party to make an application to obtain certain evidence from a third party, which the party would not otherwise be able to obtain. *Id.* For example, a German court can order a third party to provide documents in its possession under Section 142 para. 1 Code of Civil Procedure (*Zivilprozessordnung, "ZPO"*). *Id.* ¶ 28. In addition, Section 140c German Patent Act (*Patentgesetz, "PatG"*) and Sections 809, 810 German Federal Civil Code (*Burgerliches Gesetzbuch, "BGB"*) confers a limited right to production of documents and to inspection of a potentially infringing device. *Id.* However, these procedures are not sufficient to allow Xiaomi to obtain useful discovery about Qualcomm's agreement(s) regarding patents (previously) owned or controlled by ZTE or its affiliates for at least two independent reasons. *Id.* ¶¶ 28-30.

First, both Sections 142 ZPO and Section 140c PatG reach only information and documents located in Germany (and in the European Union – except for Denmark – under certain circumstances), especially because German courts are not entitled to retrieve evidence outside of Germany if not voluntarily provided. *Id.* ¶ 29. In addition, Section 140c PatG as well as Sections 809 and 810 BGB only pertain to documents in the direct possession or – as regarding Section 140c PatG – within the control of the alleged German patent infringer. *Id.* Therefore, information located in the United States in the possession of Qualcomm would not be available to Xiaomi through German discovery laws. *Id.*

Second, the procedure under section 142 ZPO is available only for discovery of specific documents expressly referenced in the lawsuit by a party and which are relevant for the determination of the proceedings. *Id.* ¶ 30. Even if these requirements are met, it is in the court's discretion to order the provision of the

specific document(s), and German courts are very cautious to issue such orders. *Id.* Similarly, the claim under Section 140c PatG and Sections 809 and 810 BGB requires a sufficient identification of the documents being sought by a party. *Id.* It is in the court's discretion as to whether a requested document is sufficiently identified so as to order the provision of documents sought under this section. However, due to the existing Protective Order, Xiaomi is prohibited from even disclosing the existence of the relevant documents that Qualcomm provided on November 6, 2025, due to the order granting Xiaomi's Previous § 1782 Application.

A significant portion of the Xiaomi smartphones at issue in the Foreign Proceedings use chipsets supplied by Qualcomm. Bäcker Decl. ¶ 18. Because they use Qualcomm chipsets, any grant of rights to Qualcomm regarding the ASC Patents – previously owned by ZTE – is relevant to determining whether ASC is entitled to the claims asserted in the Foreign Proceedings. *See id.* ¶¶ 13-21. Specifically, Xiaomi could invoke either a patent exhaustion defense or a FRAND defense and obtain dismissal of the Foreign Proceedings. *See id.* ¶¶ 18-19. The availability and scope of this defense depends on the specific wording of the provisions of the agreements between Qualcomm and ZTE (or their affiliates). *See id.* ¶¶ 16-17.

Accordingly, the requested discovery in the United States for use in proceedings before the UPC or German Courts initiated by ASC against Xiaomi is crucial for Xiaomi to defend itself from ASC's infringement allegations. This discovery, namely, the requested documents regarding the ZTE/Qualcomm agreements, are not obtainable in the Foreign Proceedings. Thus, Xiaomi respectfully asks this Court to authorize the issuance of a subpoena *duces tecum* to Qualcomm for the requested documents.

## DISCUSSION

### A.    Legal Standard

Section 1782 authorizes a federal district court to order discovery of documents and testimony for use in a foreign proceeding in the following

circumstances:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .    The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  . . .    The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

Thus, there are three threshold requirements to be satisfied before the district court is authorized to order discovery under Section 1782: (1) the person from whom discovery is sought resides or is found in the district of the district court to which application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or an interested person.  *In re Mireskandari*, No. 12-cv-2865-IEG (DHB), 2012 WL 12877390, at *2 (S.D. Cal. Dec. 20, 2012).

If these statutory requirements are met, the District Court may grant assistance under Section 1782.  *Id.*  Beyond these three threshold criteria, the Supreme Court has articulated four discretionary factors (*Intel* factors) for district courts to consider when ruling on applications under Section 1782: (1) whether the person from whom discovery is sought is a participant in the foreign proceedings; (2) the receptivity of the foreign tribunal to U.S. court assistance; (3) whether the Section 1782 application is an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the documents sought are unduly intrusive or burdensome.  Id. (citing Intel, 542 U.S. at 264-65) (cleaned up).

B.    The Threshold Requirements in Section 1782 Are Met

In this application, the three threshold requirements for judicial assistance under Section 1782 are satisfied, as detailed below.  Accordingly, this Court is

7

authorized to provide the requested assistance.

### 1. *Qualcomm Is Found Within the District*

Qualcomm is found within this District at least because Qualcomm is a registered business entity in California, having its mailing address at 5775 Morehouse Dr., San Diego CA 92121. Xu Decl. ¶¶ 5-7, Ex. 6-8. According to Qualcomm's own website, Qualcomm's U.S. headquarters and principal place of business is located at this same address in San Diego, California. Xu Decl. ¶ 5, Ex. 6 (Qualcomm's website screenshot). Moreover, Qualcomm has identified this same address in its most recent Form 8-K filing with the U.S. Securities and Exchange Commission as its "Principal Executive Office[]". Xu Decl. ¶ 7, Ex. 8 (Qualcomm's 10-K filing). Therefore, Qualcomm is undoubtedly located in this District.

### 2. *The Discovery Is for Use in a Proceeding Before a Foreign or International Tribunal*

The court actions (to date) pending in the UPC Local Division Munich and the District Court I in Munich, Germany, satisfy the statutory requirement of a proceeding in a foreign or international tribunal. The Supreme Court has clarified that in the context of Section 1782, a "'foreign tribunal' is one that exercises governmental authority conferred by a single nation, and an 'international tribunal' is one that exercises governmental authority conferred by two or more nations." *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 633 (2022). The UPC and Munich District Court I therefore qualify as "foreign or international tribunal[s]" for the purposes of Section 1782.

This District has held that German courts qualify as foreign tribunals within the meaning of the statute. *See In re HMD Glob. Oy*, No. 24-MC-02144-JLB, 2025 WL 1453836, at *2 (S.D. Cal. May 21, 2025); *In re Daimler AG*, No. 3:21-MC-00948, 2021 WL 3852729, at *1 (S.D. Cal. Aug. 27, 2021) (granting Section 1782 application seeking Qualcomm agreements for use in patent exhaustion defense in German proceedings). Hence, the designation as a "foreign tribunal" extends beyond

the UPC Local Division Munich and the Munich District Court I to any other UPC Local Division and/or German court that may handle patent infringement proceedings potentially initiated by ASC against Xiaomi. Furthermore, courts have found that Section 1782 applications seeking discovery for use in patent infringement proceedings before the UPC satisfy the statutory requirements. *See In re Xiaomi Inc.*, 2025 WL 2231251, at *2 (finding the UPC is a foreign or international tribunal for the purposes of Section 1782); *In re Netgear Inc.*, No. 23MC794-BLM, 2024 WL 390059, at *4 (S.D. Cal. Jan. 31, 2024) ("The mandatory Section 1782 factors are met. . . . [T]he sought after discovery is for use in a proceeding before the UPC . . . ."); *In re Volkswagen AG*, No. 24-MC-0832 (JS), 2024 WL 1556912, at *1-2 (E.D.N.Y. Apr. 10, 2024) (granting application for use in patent-related lawsuits pending before the UPC Local Division in Munich, Germany).

Between October 30, 2024, and October 28, 2025, ASC sued Xiaomi for patent infringement in the UPC Local Division Munich and the District Court I in Munich, Germany.  Bäcker Decl. ¶¶ 6-10.  Xiaomi requires limited discovery in order to defend against these infringement allegations.  The limited requested discovery, related to Qualcomm's or its affiliates' agreements with ZTE or its affiliates pertaining to the Asserted Patents (or their counterparts) and/or regarding patents related to 2G, 3G, 4G and 5G standards, is relevant to the issues in the Foreign Proceedings.

Thus, the requested discovery is for use in proceedings before a foreign or international tribunal, and the second requirement of Section 1782 is met.

3.    *Xiaomi Is an "Interested Person" Under Section 1782*

As defendants in the Foreign Proceedings, Xiaomi qualifies as an "interested person" under Section 1782.  28 U.S.C § 1782(a); *Intel*, 542 U.S. at 256 ("The text of § 1782(a), 'upon the application of any interested person,' plainly reaches beyond the universe of persons designated 'litigant.'"); *see also id.* at 256-57 ("'[A]ny interested person' is 'intended to include . . . any other person whether he be

9

designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance." (quoting Hans Smit, *Int'l Litig. Under the U.S. Code*, 65 Columbia L. Rev. 1015, 1027 (1965)).  Thus, Xiaomi is an "interested person," and all three requirements of Section 1782 are met, and this Court is authorized to provide the requested assistance.

C.   The Application Should Be Granted in the Exercise of the Court's Discretion

As discussed below, all of the discretionary *Intel* factors enumerated by the Supreme Court weigh in favor of granting the requested discovery.  Xiaomi therefore respectfully requests that the Court issue the proposed Order authorizing the proposed subpoena.

1.   *The Requested Discovery Is Unavailable in the Foreign Proceedings*

The first discretionary factor articulated by the Supreme Court relates to the status of the party against whom discovery is sought, specifically whether that party is already subject to a discovery order issued by the foreign tribunal:

> [W]hen the person from whom discovery is sought is a participant in the foreign proceeding (as Intel is here), the need for § 1782(a) aid generally is not as apparent as it ordinarily is ***when evidence is sought from a nonparticipant in the matter arising abroad***.  A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.

*Intel*, 542 U.S. at 264 (emphasis added).  Here, Qualcomm, from whom Xiaomi seeks discovery, is not a party in the Foreign Proceedings, nor is it expected to participate in it, and therefore is not expected to be subject to any order in the Foreign Proceedings.  Bäcker Decl. ¶ 35.

In general, parties to UPC and German litigation cannot obtain discovery of a non-party to the extent requested here.  *Id.* ¶¶ 27-38.  Courts have considered it reasonable to grant Section 1782 applications in support of UPC and German proceedings.  *In re Xiaomi Inc.*, 2025 WL 2231251, at *2; Order Granting Netgear

Inc.'s *Ex Parte* Application Pursuant to 28 U.S.C. § 1782, ECF No. 17, *In re Netgear Inc.*, No. 23MC794-BLM (S.D. Cal. Aug. 31, 2023).  Similarly, Xiaomi is unlikely to obtain the discovery through UPC or German procedures.  Bäcker Decl. ¶¶ 27-38.  Because, due to the existing Protective Order, Xiaomi is unable to identify the specific documents (*e.g.*, agreements between Qualcomm and ZTE (or their affiliates)), the evidence sought is not available to Xiaomi via the UPC or German court's discovery procedures, from parties or non-parties alike.  Bäcker Decl. ¶¶ 30, 34.  U.S. Courts have found that the UPC may not compel a non-party to the proceeding to produce the documents sought or testify.  *See In re Volkswagen AG*, 2024 WL 1556912, at *2.

Accordingly, the first factor weighs heavily in favor of granting discovery here.

### 2. The Foreign Courts Are Receptive to U.S. Judicial Assistance

In assessing "whether the foreign court is receptive to the requested discovery," U.S. district courts "tend to allow discovery" when the parties do not provide "authoritative proof" that the foreign court "would reject evidence obtained with the aid of section 1782[.]" *In re Nokia Techs. Oy*, No. 21MC1487 (MSB), 2022 WL 788702, at *2 (S.D. Cal. Mar. 15, 2022) (citations omitted).

To prove that a foreign tribunal would not be receptive to discovery, "parties must provide authoritative proof that a foreign tribunal would reject evidence" obtained via section 1782—such as where an applicant violated an alleged foreign privilege.  *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010) (internal quotation marks and citations omitted).  "Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.'" *In re: Application of Joint Stock Co. Raiffeinsenbank*, No. 16-MC-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095,

1100 (2d Cir. 1995)).

Various district courts have found that the second *Intel* factor weighs in favor of granting Section 1782 applications in aid of UPC cases when there is no authoritative proof that UPC courts would reject evidence obtained via a Section 1782 proceeding. *See, e.g., In re Xiaomi Inc.*, 2025 WL 2231251, at *2 (finding this factor weighed in favor of discovery when there was "no evidence that the UPC would be unreceptive to the evidence obtained through this application"); *In re Volkswagen AG*, 2024 WL 1556912, at *2 (granting Section 1782 petition when "the Court has no reason to believe the UPC will not be receptive to receiving evidence obtained via a United States proceeding"); *Daedalus Prime LLC v. Mediatek USA Inc.*, No. 24-mc-80208-VKD, 2024 WL 4220000, at *3 (N.D. Cal. Sep. 16, 2024) (finding this factor weighed in favor of granting Section 1782 application when there was "no reliable evidence indicating that the UPC would not be receptive"); *In re Hand Held Prods., Inc.*, No. 24-mc-91378-NMG, 2024 WL 5136071, at *2, *6 (D. Mass. Oct. 24, 2024) (finding this factor weighed in favor of applicant when the respondent failed to show the foreign courts, including the UPC's Local Division Munich, would not be receptive); *cf. In re Netgear Inc.*, 2024 WL 390059, at *2 n.1, *5 (finding, in case of first impression, lack of clear evidence of UPC's receptivity to U.S. court assistance did not weigh in applicant's favor when UPC was "new entity" that had been in operation for only six months).

Similarly, this Court and others have previously granted discovery pursuant to Section 1782 for use in German intellectual property litigations. *See, e.g.*, *In re HMD Glob. Oy*, 2025 WL 1453836, at *3-4 (finding this factor weighed in favor of granting the application when there was "no evidence that the German courts would be unreceptive to the evidence obtained through this application"); Order Granting Netgear Inc.'s *Ex Parte* Application Pursuant to 28 U.S.C. § 1782, ECF No. 17, *In re Netgear Inc.*, No. 23MC794-BLM, at *3 (S.D. Cal. Aug. 31, 2023); *In re Daimler AG*, 2021 WL 3852729, at *1; *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,

12

No. 19-MC-80215-WHO(TSH), 2020 WL 820327, at *5 (N.D. Cal. Feb. 19, 2020) (denying motion to quash subpoena issued pursuant to § 1782, and finding second favor weighed in applicant's favor when applicant submitted declaration from German counsel asserting German courts were receptive); *see also Heraeus Kulzer, GMBH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) ("[T]here is nothing to suggest that the German court would be affronted by [the applicant's] recourse to U.S. discovery or would refuse to admit any evidence, or at least any probative evidence"). Indeed, evidence obtained pursuant to Section 1782 has been decisive in German proceedings. *In re Application of Heraeus Kulzer GmbH*, No. 3:09-CV-530 RLM-MGG, 2017 WL 214322, at *1 (N.D. Ind. Jan. 18, 2017) (noting that the German court "relied on" documents obtained pursuant to Section 1782 in reaching its judgment).

The Declaration of Oliver Bäcker, a German patent litigator with over 13 years of experience, demonstrates that the UPC and German Court would be receptive to evidence obtained through this Application. Bäcker Decl. ¶¶ 39-40. The UPC Local Division Munich and the Munich District Court I in which the actions are pending would have to consider any documents obtained in this proceeding in making its decision. *Id.* ¶ 39. Mr. Bäcker's conclusion about the receptivity of the UPC and German courts to evidence from the United States is consistent with the decisions of U.S. courts which have found that the second *Intel* factor weighs in favor of granting Section 1782 applications in aid of UPC and German cases.

For these reasons, the second *Intel* factor weighs in favors of granting discovery.

### 3.    *This Application Is not an Attempt to Circumvent Proof-Gathering Restrictions*

The third discretionary factor also weighs in favor of granting the Application. Xiaomi is not attempting to circumvent any proof-gathering limitations or other policies of the United States or applicable to the Foreign Proceedings. *See, e.g.*, *In*

*re Volkswagen AG*, 2024 WL 1556912, at \*2 (finding this factor favored applicants when there was "no evidence Applicants have sought § 1782 discovery to circumvent foreign proof-gathering restrictions" in a UPC proceeding); *In re Xiaomi Inc.*, 2025 WL 2231251, at \*3 (finding this factor weighed in favor of discovery when there was "no evidence that the UPC specifically denied or prohibited the discovery now requested"); *In re HMD Glob. Oy*, 2025 WL 1453836, at \*4 (finding this factor weighed in applicant's favor when the applicant "makes the instant requests not to circumvent any restrictions or policies of the foreign jurisdiction, but to obtain discovery that would be difficult to obtain otherwise due to limited discovery processes" in German courts). "[T]hrough § 1782 Congress has seen fit to authorize discovery which, in some cases, would not be available in foreign jurisdictions, as a means of improving assistance by our courts to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Metallgesellschaft AG*, 121 F.3d 77, 80 (2d Cir. 1997). The focus of this analysis is "not whether evidence-gathering procedures are available in the foreign forum" but on the "foreign forum's *restrictions* on evidence-gathering." *Daedalus Prime LLC*, 2024 WL 4220000, at \*6-7 (no showing that application "would contravene any such restrictions" of the UPC or German court).

Xiaomi would not be circumventing any foreign law or policy by obtaining the discovery. The UPC procedural and evidentiary rules contain no prohibition against judicial discovery proceedings such as these. Bäcker Decl. ¶¶ 41-42. Similarly, German law does not prohibit the parties from seeking the assistance of U.S. courts in obtaining evidence; nor is there any law, rule of evidence, or rule of procedure in the German Proceedings that prohibits Xiaomi from filing this Application or from seeing and obtaining the discovery requested here and using it in the German Proceedings. *See id.* Moreover, as described above, the requested discovery from Qualcomm is not obtainable through the Foreign Proceedings because, among other reasons, Qualcomm is not a party to the proceedings the requested documents are not

14

located in Germany, and the requested documents are not individually identifiable. Additionally, Xiaomi would not run afoul of U.S. limits on discovery.

        4.     *The Requested Discovery Is not Unduly Intrusive or Burdensome*

Finally, Xiaomi's requested discovery is not unduly intrusive or burdensome. It is narrowly tailored and focuses on agreements between ZTE and Qualcomm or their affiliates regarding the Asserted Patents (or any counterparts) and/or regarding patents related to 2G, 3G, 4G, and 5G standards. *See In re Xiaomi Inc.*, No., 2025 WL 2231251, at *3 (finding this factor weighed in favor of granting Section 1782 application for nearly identical discovery request). Qualcomm's production of the relevant documents on November 6, 2025, in response to Xiaomi's Previous § 1782 Application dated June 13, 2025 and the Court's order granting Xiaomi's Previous Application, demonstrates that the requested discovery is not unduly intrusive or burdensome.

To the extent that Qualcomm asserts that any of the information Xiaomi seeks is confidential or proprietary, similar to the Previous Application, Xiaomi is prepared to enter into an appropriate Protective Order. *See, e.g.*, *In re NanoPyxis Co., Ltd.*, No. 4:17-mc-80151-KAW, 2018 WL 1156838, at *6 (N.D. Cal. Mar. 5, 2018) (entry into a protective order alleviated confidentiality concerns). Furthermore, the German Court and UPC would also provide adequate protection for confidential documents or information submitted to a court located there. Bäcker Decl. ¶¶ 43-45.

## CONCLUSION

For all the foregoing reasons, Xiaomi's Application satisfies the requirements of Section 1782 and Xiaomi respectfully asks the Court grant this Application by ordering the requested discovery. A Proposed Order (attached as Exhibit 1) together with the proposed Subpoena (attached as Exhibit 2) are submitted concurrently herewith.

15

Dated: March 13, 2026

Respectfully submitted,

*/s/ Jiaxing (Kyle) Xu*

Jiaxing (Kyle) Xu (SBN 344100)
Isabella Bosetti (SBN 368767)

**HOGAN LOVELLS US LLP**
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Phone: (415) 374-2300
Facsimile: (415) 374-2499
kyle.xu@hoganlovells.com
isabella.bosetti@hoganlovells.com

*Attorneys for Applicants Xiaomi Inc.,
Xiaomi Communications Co., Ltd,
Xiaomi Technology Netherlands B.V.
and Xiaomi Technology Germany
GmbH*