UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of Xiaomi Inc. et al,<br><br>               Applicants.<br><br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings. | Case No.:  26-mc-565-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER PERMITTING SUBPOENA PURSUANT TO 28 U.S.C. § 1782** |

This Report and Recommendation is submitted to Chief United States District Judge Cynthia A. Bashant pursuant to 28 U.S.C. §626(b).[1]

Before the Court is an *ex parte* application ("Application") by Xiaomi Inc., Xiaomi Communications Co., Ltd., Xiaomi Technology Germany GmbH and Xiaomi Technology Netherlands, B.V. (collectively, "Xiaomi") for an order pursuant to 28 U.S.C. §1782(a)

---

[1] A Report and Recommendation is necessary because applications for discovery under 28 U.S.C. § 1782 are dispositive matters for which a magistrate judge may not render a final decision absent consent of all parties to the magistrate judge's jurisdiction. *See CPC Patent Technologies Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807-08 (9th Cir. 2022).

authorizing the issuance of a subpoena for  documents to Qualcomm, Inc. ("Qualcomm") for use in foreign patent infringement cases before the Unified Patent Court and other courts in Germany.  Dkt. No. 1.  Qualcomm does not oppose the application.  Dkt. No. 7. For the reasons set forth below, the Court **RECOMMENDS** that the Application be **GRANTED**.

**I.**

**<u>BACKGROUND</u>**

Xiaomi has been sued by Advanced Standard Communication LLC ("ASC") for alleged infringement of three European patents in four separate proceedings: two in the Unified Patent Court in Munich, Germany, and two in the Munich District Court (UPC-CFI-617/2024, UPC-CFI-1321/2025, No. 7 O 11142/25, No. 21 O 12359/25).  Dkt. No. 1 at 7-8.  These proceedings concern three patents:  EP 3 016 464, EP 2 900 027, and EP 3 373 673.  *Id.* at 8.  ASC alleges that it obtained the patents at issue from ZTE Corporation on December 31, 2022.  *Id.* at 8.  Some of the Xiaomi products at issue in the proceedings use Qualcomm chipsets, so Xiaomi seeks discovery related to "any grant of rights to Qualcomm regarding the ASC Patents – previously owned by ZTE."  *Id.* at 11. Specifically, Xiaomi seeks "[a]ll agreements between Qualcomm and ZTE concerning any of the Asserted Patents, their Related Patents, and/or patents related to 2G, 3G, 4G, and/or 5G standards."  Dkt. No. 1-4 at 12.

Xiaomi previously filed a similar §1782 application in this Court for the first patent infringement case brought in the Unified Patent Court (UPC-CFI-617/2024).  Case No. 25-mc-1158-MSB ("Prior Case"), Dkt. No. 1.  Qualcomm did not oppose that application. Prior Case, Dkt. No. 5.  On August 5, 2025, the Court granted the application and authorized Xiaomi to issue and serve on Qualcomm a subpoena for "[a]ll agreements between Qualcomm and ZTE concerning (1) the Asserted Patent, and/or (2) all Related Patents, and/or (3) patents related to 2G, 3G, 4G, and/or 5G standards."  Prior Case, Dkt. No. 6, Dkt. No. 1-4 at 12.  Subsequently, the Court entered the parties' stipulated protective which limited the use of the materials obtained from Qualcomm to "prosecuting,

2

defending, or attempting to settle" the first case in the Unified Patent Court (UPC-CFI-617/2024).  Prior Case, Dkt. No. 7 at 17.  Because of this protective order, Xiaomi now seeks to obtain the same documents from Qualcomm for use in the other three proceedings.

Qualcomm provided the same response to this application as in the Prior Case.  Dkt. No. 7.  Qualcomm "does not oppose" the application but reserves its rights to object to the substance of the subpoena requests, seek a protective order, and move to quash or limit the subpoena.  *Id.*

## II.

## <u>LEGAL STANDARD</u>

A court may grant a petition under 28 U.S.C. §1782(a) if "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal;' and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

However, "even where a petitioner meets the statutory requirements under § 1782, a district court maintains discretion to deny a petition." *Novalpina Cap. Partners I GP S.A.R.L v. Read*, 149 F.4th 1092, 1098 (9th Cir. 2025).  In exercising its discretion, the court should consider "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding;' (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;' (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;' and (4) whether the discovery requests are 'unduly intrusive or burdensome.'" *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1129 (9th Cir. 2024) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)).

/ / /

26-mc-565-DDL

# III.

# ANALYSIS

## A.    Statutory Requirements

The application satisfies the statutory requirements of 28 U.S.C. §1782(a).  First, Qualcomm "resides or is found" in this district, as Qualcomm's principal place of business is San Diego. Second, the discovery is requested for use in a proceeding in a foreign tribunal, as both the Unified Patent Court and the Munich District Court are in Germany. Third, as a party to the foreign proceedings, Xiaomi is an "interested person."

## B.    Discretionary Factors

"Even where a petitioner meets the statutory requirements under § 1782, a district court maintains discretion to deny a petition." *Novalpina Cap. Partners I GP S.A.R.L.*, 149 F.4th at 1098.  Because the statutory requirements are satisfied, the Court now turns to the *Intel Corp.* discretionary factors.

For the first factor, the Court considers whether the person from whom discovery is sought is a participant in the foreign proceeding.  "[W]hen the person from whom discovery is sought is a participant in the foreign proceeding … the need for § 1782(a) aid generally is not as apparent" because "the foreign or international tribunal can exercise its own jurisdiction to order production of the evidence." *Intel Corp.*, 542 U.S. at 264.  Qualcomm is not a participant in the foreign proceedings, so this factor weighs in favor of granting the application.   As a non-party, Qualcomm "may be outside the foreign tribunal's jurisdictional reach," making the evidence from them "unobtainable absent § 1782(a) aid." *Id.*

The second factor "focuses on whether the foreign tribunal is willing to consider the information sought." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 898 (N.D. Cal. 2021).  "If there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.*  This factor also weighs in favor of granting the application because, on the record before it, the Court finds

no evidence that either the Unified Patent Court or the Munich District Court would be unreceptive to the evidence obtained.

The third factor considers whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. "A petitioner seeks to circumvent foreign discovery restrictions when it seeks discovery that cannot be obtained because the foreign jurisdiction prohibits the discovery of those documents." *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-MC-80215-WHO(TSH), 2020 WL 820327, at *5 (N.D. Cal. Feb. 19, 2020). "[A]bsence of evidence of an attempted circumvention weighs in favor of an application." *In re Tagami*, No. 21-MC-80153-JCS, 2021 WL 5322711, at *3 (N.D. Cal. Nov. 16, 2021). There is no evidence that Xiaomi is attempting to circumvent the laws or policies of the Unified Patent Court or the German courts. Therefore, this factor also weighs in favor of granting the application.

Finally, under the fourth factor courts consider whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Here, Xiaomi seeks "[a]ll agreements between Qualcomm and ZTE concerning any of the Asserted Patents, their Related Patents, and/or patents related to 2G, 3G, 4G, and/or 5G standards." Dkt. No. 1-4 at 12. Qualcomm has already produced these documents pursuant to a similar subpoena in the Prior Case, and Qualcomm's response here does not indicate that the request is unduly burdensome. Additionally, to the extent discovery of such agreements may intrude on confidential material, Xiaomi expresses a willingness to enter another protective order. Dkt. No. 1 at 20.

Considering all the discretionary factors together, the Court finds that it is appropriate to grant Xiaomi's § 1782 application.

/ / /

/ / /

/ / /

/ / /

## IV.

## CONCLUSION

For the reasons set forth above, the Court finds the discretionary factors weigh in favor of granting the Application. **IT IS HEREBY RECOMMENDED** that the Chief District Judge issue an Order:

1. Granting the issuance of the subpoena for documents to Qualcomm, attached to the Application at Dkt. No. 1-4; and

2. Directing the Applicant to serve the Order on Qualcomm; and

3. Directing the Clerk of Court to close the case.

**IT IS ORDERED** that no later than **May 28, 2026**, the parties may file writtten objections to this Report and Recommendation with the Court and shall serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order.

**IT IS SO ORDERED.**

Dated: May 14, 2026

_David Leshner_

_____

Hon. David D. Leshner
United States Magistrate Judge