# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: *EX PARTE* APPLICATION OF XIAOMI INC. *ET AL.* FOR AN ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. | Case No. 26-mc-00565-DDL<br><br>**ORDER:**<br><br>(1) **ADOPTING REPORT AND RECOMMENDATION (ECF No. 8); AND**<br><br>(2) **GRANTING *EX PARTE* APPLICATION FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS (ECF No. 1)** |

Presently before the Court is Xiaomi Inc.; Xiaomi Communications Co., Ltd.; Xiaomi Technology Germany GmbH; and Xiaomi Technology Netherlands, B.V.'s Ex Parte Application for an Order Under 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings.  (ECF No. 1.) The Court will collectively refer to the movants as "Xiaomi."

Under General Order 620, *Matters Assigned to the Chief Judge* (S.D. Cal. Nov. 16, 2012), the Chief District Judge is responsible for adjudicating Xiaomi's Application. Further, the Chief Judge may refer the matter "to a Magistrate Judge as authorized by 28 U.S.C. § 636(b) and (c), and Local Civil Rule 72." *Id.* Accordingly,

on March 13, 2026, the undersigned referred the Application to the Honorable David D. Leshner. (ECF No. 2.)

On May 14, 2026, Judge Leshner issued a Report and Recommendation ("R&R") recommending that this Court grant Xiaomi's Application. (ECF No. 8.) *See CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 34 F.4th 801, 808 (9th Cir. 2022) (holding that a ruling on a 28 U.S.C. § 1782 application should be regarded as a dispositive matter for purposes of 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72). The time for filing objections has expired. (R&R 6:10–14.) Hence, the R&R is ripe for consideration.

## I.    ANALYSIS

The court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). It may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established within the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting R&R in its entirety without review because neither party filed objections to the R&R despite the opportunity to do so).

In this case, the deadline for filing objections was May 28, 2026. (R&R 6:10–14.) However, no objections have been filed, and no party has requested additional

time to do so. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121.

Nonetheless, having conducted a review of the R&R, the Court concludes that Judge Leshner's reasoning is sound and correct in recommending that this Court grant Xiaomi's Application. Xiaomi is defending four patent infringement actions filed by Advanced Standard Communication LLC in Munich, Germany. (Appl. 7–8.) Some of the Xiaomi products at issue in the proceedings use Qualcomm chipsets, so Xiaomi seeks discovery related to "any grant of rights to Qualcomm regarding the ASC Patents – previously owned by ZTE." (*Id.* at 11.)

The R&R concludes that Xiaomi meets the requirements under 28 U.S.C. § 1782 for seeking discovery for use in a foreign proceeding. Further, as the R&R notes, Qualcomm filed a response to the Application. (ECF No. 7.) Qualcomm does not oppose the Application but reserves its right to later challenge or object to the requests in Xiaomi's subpoena. (*Id.*) The Court agrees that authorizing discovery is appropriate. Therefore, the Court approves and adopts the R&R. *See* 28 U.S.C. § 636(b)(1).

## II.    CONCLUSION

In light of the foregoing, the Court **APPROVES** and **ADOPTS IN ITS ENTIRETY** the R&R (ECF No. 8) and **GRANTS** Xiaomi's Ex Parte Application for an Order Under 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings (ECF No. 1). Xiaomi is authorized to serve Qualcomm with the subpoena attached to its Application under 28 U.S.C. § 1782. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

**DATED: June 12, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**